UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUSHON LAMEL HAMPTON,

      Plaintiff,

v.                                                          Case No. 05-74118

DIRECTOR STEPHANIE GWEN OF              Honorable Patrick J. Duggan
DEPARTMENT OF LABOR AND
ECONOMIC GROWTH MICHIGAN
EMPLOYMENT SECURITY BOARD OF
REVIEW,

      Defendant.

_____/

**ORDER DISMISSING COMPLAINT**

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on November 17, 2006.

PRESENT:      THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On October 27, 2005, *pro se* Plaintiff Dushon Lamel Hampton filed a Complaint

against Defendant and an application to proceed *in forma pauperis*.  On October 28, 2005,

this Court granted Plaintiff's motion to proceed *in forma pauperis*.

Plaintiff's Complaint, filed pursuant to the First Amendment to the U.S. Constitution,

18 U.S.C. § 242, and the Uniform Commercial Code section 1-207, seeks unemployment

benefits.  Specifically, Plaintiff asks the Court to determine whether it is legal to require

Plaintiff to work a required number of hours within a qualifying quarter to qualify for

unemployment benefits.  (*See* Compl. at 1).  Plaintiff complains that this policy does not recognize the "time and energy" that he expended working for his employer, Jerry's Pizza, over the last seven years.  (*Id.*).

Even though a *pro se* plaintiff is held to a less stringent pleading standard than a party who is represented by counsel, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), the complaint must meet some minimum standards.  *Id.* at 521, 92 S. Ct. 596.  The district court has discretion to dismiss an *in forma pauperis* complaint under 28 U.S.C. § 1915(e)(2)(ii) if the complaint "fails to state a claim on which relief may be granted." In his Complaint, Plaintiff fails to set forth any facts to support claims under the First Amendment to the U.S. Constitution, 18 U.S.C. § 242, and the Uniform Commercial Code section 1-207. Therefore, Plaintiff fails to state a claim on which relief may be granted.

In addition, the Court believes that dismissal is appropriate pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because this Court lacks subject matter jurisdiction. *See Keeran v. Office of Pers. Mgmt.*, 827 F.2d 770, 1987 WL 44548, at *1 (6th Cir. Aug. 26, 1987) (finding that where district court concludes that it lacks subject matter jurisdiction, *sua sponte* dismissal is appropriate).  First, in his Complaint, Plaintiff fails to set forth "a short and plain statement of the grounds upon which the court's jurisdiction depends."  FED. R. CIV. P. 8(a).  Although Plaintiff indicates on his Civil Cover Sheet that he is bringing the action pursuant to "diversity jurisdiction," the parties are not diverse.  As the Cover Sheet indicates, both Plaintiff and Defendant are Michigan residents.  Second, Plaintiff does not point to, and this Court is unaware of, any statute giving this Court federal question jurisdiction to determine whether Plaintiff was wrongfully denied state unemployment

benefits.  Therefore, this Court lacks subject matter jurisdiction.

Accordingly,

**IT IS ORDERED** that this action is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(ii) and

Rule 12(b)(1) of the Federal Rules of Civil Procedure.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copy to:

Dushon Lamel Hampton
5158 South Clarendon
Detroit, MI 48204