UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUSHON LAMEL HAMPTON,

    Plaintiff,

v.                                                                                  Case No. 05-74118

DIRECTOR STEPHANIE GWEN OF                       Honorable Patrick J. Duggan
DEPARTMENT OF LABOR AND
ECONOMIC GROWTH MICHIGAN
EMPLOYMENT SECURITY BOARD OF
REVIEW,

    Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on December 12, 2005 .

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                          U.S. DISTRICT COURT JUDGE

On October 27, 2005, *pro se* Plaintiff Dushon Lamel Hampton filed a Complaint against Defendant and an application to proceed *in forma pauperis*. On October 28, 2005, this Court granted Plaintiff's motion to proceed *in forma pauperis*. On November 17, 2005, this Court dismissed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(ii) and Rule 12(b)(1) of the Federal Rules of Civil Procedure. Presently before the Court is Plaintiff's Motion for Reconsideration and Trial by Jury, filed on November 21, 2005.

Motions for reconsideration are governed by Eastern District of Michigan Local Rule

7.1(g)(3) which provides:

> (3)   Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Thus the Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that the defect misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 674 (E.D. Mich. 2002).  A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

First, Plaintiff asserts that he is entitled to a trial by jury under the Seventh Amendment to the U.S. Constitution.  However, this Court lacks subject matter jurisdiction to hear Plaintiff's claims.  In this case, the parties are not diverse and Plaintiff does not point to, and this Court is unaware of, any statute giving this Court federal question jurisdiction to determine whether Plaintiff was wrongfully denied state unemployment benefits.

Plaintiff's remaining arguments merely present the same issues ruled upon by the Court in its November 17, 2005 Order.  Consequently, Plaintiff has failed to allege any palpable defect by which the Court and the parties have been misled as required by E.D. MICH. L.R. 7.1(g)(3).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration and Trial by Jury is

**DENIED**.

                                                            s/PATRICK J. DUGGAN
                                                            UNITED STATES DISTRICT JUDGE

Copies to:

Dushon Lamel Hampton
5158 South Clarendon
Detroit, MI 48204

Martin J. Vittands, AAG.